UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BONNIE HOUF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| PNC BANK, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Bonnie Houf ("Houf" or "Plaintiff"), by counsel, brings this action against Defendant, PNC Bank, Inc. ("Defendant"), for violating the Age Discrimination in Employment Act, ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*

**II. PARTIES**

2. Houf is a resident of Scott County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a foreign corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

7. Houf is an "employee" as that term is defined by 29 U.S.C. § 630(f).

8. Houf satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her age. Houf received the required Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. F<span>ACTUAL</span> A<span>LLEGATIONS</span>

10. Houf was born in 1956.

11. Houf was hired by Defendant on or about April 28, 2008, at its Vine Street, Lexington, Kentucky location. Most recently, she was employed as a Teller Supervisor.

12. At all times, Houf met or exceeded Defendant's legitimate performance expectations.

13. On or about January 31, 2020, Houf's Branch Manager, Jane Offutt ("Offutt"), called Houf into her office to discuss a potential retirement package PNC was going to be sending out. Houf stated that she was not interested in retirement.

14. On or about February 1, 2020, Defendant provided Houf with a retirement package to voluntarily separate her employment. Houf stated to Offutt that she was not interested in retiring. Regardless, Offutt said Houf had through the end of February to consider the proposal.

15. On or about February 27, 2020, Offutt sent Houf a text asking if Houf had signed the packet. Houf said that she did not. Houf declined the retirement package that Defendant offered via a text message to Offutt. The next day when Houf came in for her shift, Offutt asked

why Houf did not sign. Houf stated that she wanted to continue to work, and if she had her choice, she would be at the bank until she was ninety.

16. On or about March 2, 2020, Houf received a performance review noting that she had exceeded all expectations and giving her a raise.

17. Approximately one week later, on or about March 6, 2020, Houf was called into her shift early and was terminated during a meeting with Diane Richert, Regional Manager, and Offutt.

18. Houf was replaced by Sara Roberts, an individual in her 30s with only six to seven months of experience working in a bank.

## V. CAUSES OF ACTION

## AGE DISCRIMINATION

19. Houf hereby incorporates by reference paragraphs one (1) through eighteen (18) as if the same were set forth at length herein.

20. Defendant discriminated against Houf based on her age.

21. Defendant willfully and intentionally discriminated against Houf on the basis of her age in violation of the ADEA.

22. Houf has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Bonnie Houf, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Houf's employment to the position and salary she would have enjoyed but for Defendant's unlawful actions; and/or payment to Houf of front pay in lieu thereof;

2. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of her age;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory and consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's unlawful actions;

5. Award the Plaintiff liquidated damages for Defendant's violations of the ADEA;

6. Award the Plaintiff her costs and attorney's fees incurred as a result of bringing this action;

7. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

8. Grant all other legal and/or equitable relief as may be just and proper.

Respectfully submitted,

s/Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Bonnie Houf*

**DEMAND FOR JURY TRIAL**

Plaintiff, Bonnie Houf, by counsel, requests a trial by jury on all issues deemed so triable.

                      Respectfully submitted,

                      s/Andrew Dutkanych III
                      Andrew Dutkanych III
                      BIESECKER DUTKANYCH & MACER, LLC
                      144 North Delaware Street
                      Indianapolis, Indiana 46204
                      Telephone: (317) 991-4765
                      Facsimile: (812) 424-1005
                      Email: ad@bdlegal.com
                      *Counsel for Plaintiff, Bonnie Houf*